UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONEY GOVNER DICKEY,

    Petitioner,

v.

    CASE NO. 2:21-CV-11566
    HON. ARTHUR J. TARNOW

JOHN CHRISTIANSEN,

    Respondent.
_____/

**OPINION & ORDER DISMISSING WITHOUT PREJUDICE THE HABEAS PETITION, DENYING THE MOTION TO STAY, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.     Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Toney Govner Dickey ("Petitioner") was convicted of delivery/manufacture of less than 50 grams of narcotics pursuant to a plea in the Monroe County Circuit Court and was sentenced to 10 to 20 years imprisonment in 2018. ECF No. 1, PageID.2. In his habeas petition, he raises claims concerning the proportionality of his sentence, the accuracy of sentencing information, and the

trial court's jurisdiction to sentence him (alleging that his probation had ended). *Id*. at PageID.5, 6.  At the time Petitioner instituted this action, he also filed a motion to stay the proceedings so that he can return to the state courts to exhaust available remedies as to his last claim.  For the reasons stated herein, the Court dismisses without prejudice the habeas petition, denies the motion to stay, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.    Procedural History

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising claims concerning the proportionality of his sentence and the accuracy of sentencing information, which was denied for lack of merit in the grounds presented.  ECF No. 1, PageID.3; *People v. Dickey*, No. 348113 (Mich. Ct. App. May 1, 2019).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising those same claims, which was denied in a standard order.  *Id*.; *People v. Dickey*, 505 Mich. 1015, 940 N.W.2d 116 (March 27, 2020).

Petitioner states that he filed a motion for relief from judgment with the state trial court on June 19, 2020, raising claims concerning the trial court's jurisdiction

to sentence him (because his probation had ended) and the effectiveness of trial and appellate counsel relative to that issue, which remains pending. ECF No. 1; PageId.4.

Petitioner dated his federal habeas petition on June 23, 2021.

### III. Discussion

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his third habeas claim in the state courts and informs the Court that he has a motion for relief from judgment pending in the state trial court concerning such issues. Petitioner must

complete the state court process by awaiting the trial court's decision and then pursuing an appeal in the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present them in federal court. Otherwise, this Court cannot apply the standard found at 28 U.S.C. § 2254.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). The Court recognizes that an inordinate delay in adjudicating state court claims may be a circumstance which would excuse the exhaustion of state court remedies, especially when the State is responsible for the delay. *See Workman v. Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992). Additionally, a habeas petitioner who makes "frequent but unavailing requests to have his appeal

processed" in the state courts should not be "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal. *Turner v. Bagley*, 401 F. 3d 718, 726 (6th Cir. 2005).

Petitioner, however, neither alleges nor establishes that there has been an inordinate delay in deciding his motion for relief from judgment. While the motion has been pending in the state trial court for about a year, such a delay in resolving a post-conviction motion is not excessive, particularly given the COVID-19 pandemic which has created a backlog in state and federal courts. *Cf. Workman*, 957 F.3d at 1344 (excusing three-year delay); *Turner*, 401 F.3d at 725-26 (extenuating circumstances and 11-year delay in deciding appeal). Petitioner also fails to show that he made any, let alone "frequent, but unavailing," requests to have his motion decided. Petitioner could also seek an order of superintending control from the Michigan Court of Appeals pursuant to Mich. Ct. R. 3.302 (D)(1) and Mich. Ct. R. 7.203 (C)(1) to order the state trial court to decide his motion. If the Michigan Court of Appeals failed to do so, he could seek an order of superintending control from the Michigan Supreme Court pursuant to Mich. Ct. R. 7.306. Because Petitioner has not sought relief from the Michigan appellate courts

to compel the trial court to decide his motion, he is not excused from exhausting his claims in the state courts. *See Johnson v. Bauman*, No. 2:19-CV-12423, 2020 WL 5819567, *2-3 (E.D. Mich. Sept. 30, 2020) (citing cases); *Scott v. Woods*, No. 2:15-CV-13095, 2016 WL 1554934, *3 (E.D. Mich. April 18, 2016); *Washington v. Warden, Ross Corr, Inst.*, No. 02-70096, 2003 WL 1867914, *3 (E.D. Mich. March 21, 2003) (Tarnow, J.). Petitioner's failure to pursue his claims in state court "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]." *Dillon v. Hutchinson*, 82 F. App'x 459, 462 (6th Cir. 2003). He must complete the state court process before seeking federal habeas review.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts first and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly

meritless." *Id*. at 277.

In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address when an outright dismissal of a habeas petition could jeopardize the timeliness of a future petition after the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance is generally reserved for those cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See Moss v. Hofbauer,* No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, a stay is unnecessary because the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year period for Petitioner would not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about June 25, 2020. Petitioner states that he filed his motion for relief from

judgment with the state trial court on June 19, 2020. Thus, the limitations period did not begin to run before he sought state collateral review. The one-year period is then tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full year of the one-year limitations period remains, Petitioner has ample time to complete the state court process and return to federal court on a perfected petition should he wish to do so. A stay is unnecessary.

Furthermore, it is inappropriate for Petitioner to challenge the same criminal conviction and sentence in state court and federal court at the same time. *See, e.g., Carter v. Balcarcel*, No. 3:18-CV-10618, 2018 WL 1586488, *2 (E.D. Mich. April 2, 2018) (dismissing habeas petition without prejudice where state prisoner had a motion for relief from judgment pending in state court); *Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, *2 (E.D. Mich. May 15, 2017 (stating that "it is inappropriate for the petitioner to challenge the same criminal convictions and sentences in state court and federal court at the same time" and dismissing habeas petition without prejudice where state prisoner had additional claims pending in state court); *Robinson v. Gidley*, No. 2:15-CV-10572, 2015 WL 1120118, *2 (E.D. Mich. March 11, 2015) (citing cases and dismissing habeas petition without

prejudice where state prisoner had a pending state habeas action). Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006).

Lastly, while Petitioner's pending state collateral review proceedings may not involve all of his current habeas claims, those proceedings may result in the reversal of his conviction or sentence on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing cases); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). The interests of comity, efficiency, and justice are best served by a non-prejudicial dismissal of the habeas petition.

### IV. Conclusion

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** the motion to stay the proceedings.

Before Petitioner may appeal, a certificate of appealability must issue. *See*

28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

    **IT IS SO ORDERED**.

    _s/Arthur J. Tarnow_____
    ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

Dated: July 19, 2021